IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KEDRICK TREVON DARROUGH, SR.**                                    **PETITIONER**
**ADC #137735**

v.                     **CASE NO.: 5:08CV00303 SWW/BD**

**LARRY NORRIS,**
Director, Arkansas Department of Correction                         **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

1

Kedrick Trevon Darrough, Sr., an Arkansas Department of Correction ("ADC") inmate, brings this petition for writ of habeas corpus (#2) and amended petition for writ of habeas corpus (#17) under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the District Court dismiss Petitioner's petition and amended petition.

## II. Background

On January 24, 2005, Officer Ben Hines, with the Tenth Judicial District Drug Task Force, received a telephone call from a confidential informant. The informant provided officers with the color, make, and model of a vehicle that was being driven by Marlo Perry, from Wilmar, Arkansas. The informant stated there was a large amount of cocaine and marijuana in the vehicle. (#8-6 at p. 34)

After receiving the information, Officer Hines and another officer waited for the vehicle. After identifying a vehicle driven by Mr. Perry that met the description provided by the informant, the officers initiated a traffic stop. (#8-3 at p. 35) Officer Hines testified that after stopping the vehicle, the officers approached the car on both the driver's side and the passenger's side. (#8-3 at p. 36) After the officer asked Petitioner to get out of the passenger side of the vehicle, Petitioner picked up a large black garbage bag that was between him and the center console. Officer Hines testified that after getting out of the vehicle, Petitioner threw the garbage bag on the ground, and stated "[t]his is what you're looking for anyway." (#8-3 at p. 36) Officer Hines looked in the bag and saw what he believed to be marijuana and cocaine. He then seized the bag and delivered it to

the Arkansas State Crime Lab, which confirmed that the bag contained marijuana and cocaine base. (#8-3 at pp. 48-50)

Petitioner's trial counsel filed a pre-trial discovery motion seeking the identity of the confidential informant (#8-2 at p. 27), but the prosecutor did not disclose the informant's name before or during the trial. Petitioner's trial counsel also filed a motion to suppress the drugs seized during the traffic stop. (#8-2 at pp. 48-49) The prosecutor responded that Petitioner lacked standing to challenge the traffic stop because he was a passenger in the vehicle which was owned by another person. Petitioner's trial counsel did not pursue a hearing or ruling on the motion before or during the trial, and the drugs seized were admitted at trial.

A Drew County jury found Petitioner guilty of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver and sentenced him to ninety years in the Arkansas Department of Correction. *Darrough v. State*, No. CR 08-357, 2008 WL 4672296, at *1 (Oct. 23, 2008). Petitioner timely filed a direct appeal in which he challenged the sufficiency of the evidence. The Arkansas Court of Appeals affirmed. *Darrough v. State*, CACR 07-233 2007 WL 3088253, at *2 (Oct. 24, 2007).

Petitioner filed a timely post-conviction petition under Arkansas Rule of Criminal Procedure 37.1 in which he raised a claim of ineffective assistance of trial counsel. Petitioner claimed that his counsel was ineffective for not seeking disclosure of the identity of the confidential informant and for failing to pursue suppression of the drugs

seized in connection with the traffic stop. (#8-8 at pp. 11-12) *Darrough v. State*, 2008 WL 34672296 at *1. Citing Arkansas Rule of Criminal Procedure 17.5(b) and *Eastin v. State*, 370 Ark. 10, 257 S.W.3d 58 (2007), the State argued that it was not required to disclose the informant's identity because the informant was not a witness and did not participate in the offenses at issue. (#8-8 at p. 16-17) The trial court agreed and denied Petitioner's post-conviction petition without a hearing. *Id*. at *1-2. The trial court also denied Petitioner's claim that his counsel was ineffective for failing to pursue a motion to suppress noting that the Petitioner was a passenger in the vehicle and had not established standing to challenge the traffic stop. *Id*. at *3.

Petitioner appealed the denial of post-conviction relief to the Arkansas Supreme Court claiming the trial court erred by denying the Rule 37.1 petition without holding an evidentiary hearing and in finding Petitioner's trial counsel was not ineffective for failing to obtain the identity of the confidential informant and to seek suppression of the drugs seized after the traffic stop. *Id*. at *1-2. The Arkansas Supreme Court affirmed. *Id*. at *3.

The Arkansas Supreme Court found that both of Petitioner's ineffective assistance of counsel claims were based on his unsupported claim that police fabricated the existence of a confidential informant to legitimize a traffic stop made without probable cause. *Id*. at *2. The Court agreed with the trial court that Petitioner had not presented authority substantiating that he was entitled to learn the identity of the confidential

informant or any facts supporting his conclusory claim that the informant did not exist. *Id*. at *2.

The Court also found that Plaintiff's ineffective assistance claim on the suppression motion was a thinly veiled request for a ruling on the admissibility of the drugs. *Id*. at *3. The Court stated that to the extent Petitioner had raised an ineffective assistance claim, he had failed to establish a legal basis to find that he had standing to object to the traffic stop under the Fourth Amendment, and trial counsel could not be found ineffective for failing to raise a meritless argument. *Id*.

In his initial pro se habeas corpus petition, Petitioner raised four claims for relief: (1) his conviction was obtained using evidence that was obtained as a result of an unconstitutional search and seizure; (2) his conviction was obtained using evidence obtained during an unlawful arrest; (3) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence; and (4) ineffective assistance of counsel.

After filing his initial petition, Petitioner retained counsel who filed an amended petition (#17) claiming only ineffective assistance of trial counsel in violation of Petitioner's Sixth Amendment right to due process as incorporated by the Fourteenth

Amendment. (#17 at p. 3) The Court will address only the fully exhausted ineffective assistance of counsel claim raised in the Petitioner's amended petition.[1]

## III.   Standard of Review

When a claim has been adjudicated on the merits in state court, a petitioner must demonstrate that the state court proceeding resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "a decision that was based on an unreasonable determination of the facts in light of the evidence" presented in the State court proceeding. *Williams v. Norris*, 576 F.3d 850, 859 (8th Cir. 2009) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000).

A decision is "an unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the United States Supreme] Court's

---

[1] Under Local Rule 5.5(e), a party who is represented by counsel must file the entire pleading as amended and may not incorporate any prior pleading by reference. Petitioner does not attempt to incorporate any of the claims from his initial petition into his amended petition. Accordingly, the ineffective assistance of counsel claim is the Petitioner's only remaining claim.

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "In other words, it is not enough for us to conclude that, in our independent judgment, we would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

In addition, in a federal habeas proceeding, a state court's factual findings are entitled to a presumption of correctness, absent procedural error. Those findings may be set aside "only if they are not fairly supported by the record." *Simmons v. Luebbers*, 299 F.3d 929, 942 (8th Cir. 2002) (quoting *Purkett v. Elem.*, 514 U.S. 765, 769, 115 S.Ct. 1769 (1995) and *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006)).

## IV.   Ineffective Assistance of Counsel

Petitioner claims the Arkansas Supreme Court's opinion is contrary to and an unreasonable application of clearly established federal law because it failed to recognize the inherent prejudice he suffered when his counsel failed to seek the identity of the confidential informant and, in turn, suppression of the evidence seized based on a lack of probable cause to search the vehicle.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Ward v. Norris*, 577 F.3d 925, 936 (8th Cir. 2009). To state a claim for ineffective assistance of counsel, a habeas petitioner must demonstrate that

counsel's representation was deficient and that the he suffered prejudice as a result. *Id*. (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984)).

The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* at 686. To show prejudice, the petitioner must demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance. *Ward*, 577 F.3d at 937. *Strickland* requires that a reviewing court presume that counsel's performance fell "within the wide range of reasonable professional assistance" and that the challenged conduct "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

The Arkansas Supreme Court considered Petitioner's claim of ineffective assistance of counsel under the *Strickland* standard. The Court agreed with the trial court that Petitioner had not established that he was entitled to know the identity of the confidential informant under Arkansas Rule of Criminal Procedure 17.5(b)[2] because he

---

[2] Rule 17.5(b) of the Arkansas Rules of Criminal Procedure provides: "Informants Disclosure shall not be required of an informant's identity where his identity is a prosecution secret and a failure to disclose will not infringe upon the constitutional rights of the defendant." The commentary provides: "Where an informant merely supplies information that steers a police investigation to the defendant so that the state's case stands or falls without the informant's testimony, and where the informant was not present at the time of the illegal act charged, the Arkansas Supreme Court has held it is not error for the state to refuse to disclose the informant's identity." Ark. R. Crim. P. 17.5 commentary (citing *Shackleford v. State*, 261 Ark. 721, 551 S.W.2d 205 (1977)).

had not established that the informant had participated in the offenses at issue. Applying the standard set forth in *Strickland*, the Court reasoned that, with no legal basis for disclosure of the informant's identity, trial counsel's performance could not be found to be defective. *Darrough*, 2008 WL 4672296 at *2.

The Arkansas Supreme Court also found that Petitioner had not established a legal basis for his standing to challenge the traffic stop under the Fourth Amendment. Again, the Court reasoned that trial counsel "cannot be found to be ineffective for continuing to argue a position that has no merit." *Id*. at *3 (citing *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000)).

The Arkansas Supreme Court's denial of Petitioner's ineffective assistance of counsel claim is not contrary to or an unreasonable application of *Strickland* or an unreasonable determination of the facts presented at trial.

V.    **Conclusion**

For the foregoing reasons, the Court recommends that the District Court dismiss with prejudice Petitioner's petition for writ of habeas corpus (#2) and amended petition (#17).

DATED this 23rd day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE